## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

**RODGER L. MANN**                                                                               **PLAINTIFF**

**v.**                                                          **CIVIL ACTION NO. 1:14-CV-237-KS-MTP**

**CITY OF MOSS POINT, MOSS POINT CIVIL
SERVICE COMMISSION, MAYOR BILLY BROOMFIELD,
ALDERMAN ROBERT H. BYRD, JR., ALDERMAN O. LINWOOD
GRIERSON, ALDERMAN HOUSTON CUNNINGHAM,
ALDERMAN CHUCK REDMOND, ALDERMAN GARY WAYNE
LENNEP, ALDERWOMAN SHIRLEY CHAMBERS,
COMMISSIONER JOE CHAPMAN, COMMISSIONER
DAVID CHAPMAN, COMMISSIONER JERRY SIMS, and
FORMER FIRE CHIEF CLARENCE PARKS**                     **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the Motion to Dismiss Plaintiff's Amended Complaint ("Motion to Dismiss") [8] filed by Defendants City of Moss Point, Moss Point Civil Service Commission, Mayor Billy Broomfield ("Broomfield"), Alderman Robert H. Byrd, Jr. ("Byrd"), Alderman O. Linwood Grierson ("Grierson"), Alderman Houston Cunningham ("Cunningham"), Alderman Chuck Redmond ("Redmond"), Alderman Gary Wayne Lennep ("Lennep"), Alderwoman Shirley Chambers ("Chambers"), Commissioner Joe Chapman ("Joe Chapman"), Commissioner David Chapman ("David Chapman"), Commissioner Jerry Sim ("Sims"), Former Fire Chief Clarence Parks ("Parks") (collectively "Defendants"). After considering the submissions of the parties, the record, and the applicable law, the Court finds that Defendants' Motion to Dismiss [8] should be granted in part and denied in part.

### I. BACKGROUND

Pro se Plaintiff Rodger L. Mann ("Plaintiff") commenced this action on June 6, 2014, after he was terminated from his position as fire captain by the Moss Point Fire Department.

Before his termination, Plaintiff challenged Parks, the fire chief at the time, about the department's grooming policy, which forbade the wearing of long hair, such as the dreadlocks Plaintiff habitually wore. Plaintiff claimed that the policy was racist. In a separate incident, Plaintiff also complained to former Human Resources Director Nicole Jacobs and the City's Clerk Adlean Liddel about Parks' negligence in not having his department "immunized against infectious" diseases." (*See* Amended Complaint [6] at ¶¶ 1-2.)

Parks recommended Plaintiff be terminated from his position, and Plaintiff was afforded hearings before both the Board of Alderman and the Moss Point Civil Service Commission. At the time of these hearings, Plaintiff had a separate civil suit pending against the City of Moss Point.

Plaintiff now brings suit against Defendants, claiming his termination was in violation of 42 U.S.C. §§ 1981, 1983, and 1985, as well as Title VII of the Civil Rights Act.

## II. DISCUSSION

### A.   Standard of Review

A *pro se* complaint must be held to "less stringent standards than formal pleadings drafted by lawyers." *Richardson v. Fleming*, 651 F.2d 366, 368 (5th Cir. Unit A July 1981) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L.Ed.2d 251 (1972)). "Nevertheless, the liberal *pro se* pleading standard still demands compliance with procedural standards." *Payton v. United States*, 550 Fed.App'x 194, 195 (5th Cir. 2013).

To withstand a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "A claim

has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*; *see also In re Great Lakes Dredge & Dock Co.*, 624 F.3d 201, 210 (5th Cir. 2010) ("To be plausible, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'") (quoting *Twombly*, 550 U.S. at 555).  A complaint containing mere "labels and conclusions, or a formulaic recitation of the elements" is insufficient.  *Bowlby v. City of Aberdeen, Miss.*, 681 F.3d 215, 219 (5th Cir. 2012) (citation and internal quotation marks omitted). However, "detailed factual allegations" are not required.  *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555, 127 S. Ct. 1955).  Although courts are to accept all well-pleaded facts as true and view those facts in the light most favorable to the nonmoving party, courts are not required "to accept as true a legal conclusion couched as factual allegation."  *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (citations omitted).  "[W]hen a successful affirmative defense appears on the face of the pleadings, dismissal under Rule 12(b)(6) may be appropriate."  *Miller v. BAC Home Loans Servicing, L.P.*, 726 F.3d 717, 726 (5th Cir. 2013) (quoting *Kansa Reins. Co. v. Cong. Mortg. Corp. of Tex.*, 20 F.3d 1362, 1366 (5th Cir. 1994)).

**B.      § 1981 Claim**

Plaintiff asserts a claim under 42 U.S.C. § 1981, which prohibits racial discrimination in the "making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship."  42 U.S.C. § 1981(b); *see also Zastrow v. Houston Auto Imps. Greenway Ltd.*, 789 F.3d 553 (5th Cir. 2015).  Section 1981, though, only provides a remedy for discrimination in private employment contracts. *Washington v. City of Gulfport*, 351 Fed.App'x 916, 918-19 (5th Cir. 2009) (citing *Oden v.*

3

*Oktibbeha Cnty., Miss.*, 26 F.3d 458, 463 (5th Cir. 2001)) (per curiam).  "Section 1983 remains the only provision to expressly create a remedy against persons acting under color of state law." *Oden*, 246 F.3d at 463.  Therefore, Plaintiff has no § 1981 claim against any of the government entities or individuals in their official capacities named as defendants in this suit.  Since Plaintiff had no private employment contract with any of the named individuals in their private capacity, he can bring no claim under § 1981.  Defendants' Motion to Dismiss [8] is **granted** with respect to this claim.

   C. § 1983 Claims

Plaintiff purports to bring claims against Defendants under 42 U.S.C. § 1983.  Section 1983 gives a private right against a person acting under the color of law for "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws."  42 U.S.C. § 1983.  Because a *pro se* complaint is to be read liberally, the Court assumes Plaintiff brings any § 1983 claims against Broomfield, Byrd, Grierson, Cunningham, Redmond, Lennep, Chambers, Joe Chapman, David Chapman, Sims, and Parks both individually and in their official capacities.

   1. **City of Moss Point, Moss Point Civil Service Commission and Individuals in their Official Capacities**

For a municipality to be liable under § 1983, "its official policies or customs [must] violate the Constitution."  *De Angelis v. City of El Paso*, 265 Fed.App'x 390, 393 (5th Cir. 2008) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91, 98 S. Ct. 2018, 56 L.Ed.2d 611 (1978)).  A municipality is not liable under a *respondeat superior* theory, but must be the "moving force" of the constitutional violation "through deliberate conduct" in order to face liability under § 1983.  *Id.* at 393-94 (citing *Bryan Cnty. v. Brown*, 520 U.S. 397, 404, 117 S. Ct. 1382, 137 L.Ed.2d 626 (1997)).  This holds for any unit of local government.  *See Monell*, 436

U.S. at 690, 98 S. Ct. at 2035.  Similarly, if a suit is brought against a municipal official in his official capacity, he cannot be held liable under § 1983 unless Plaintiff can "show that the municipality has a policy or custom that caused his injury."  *Parm v. Shumate*, 513 F.3d 135, 142 (5th Cir. 2007).

Plaintiff has not pleaded any facts that would purport to show that the City of Moss Point or the Moss Point Civil Service Commission was the "moving force" behind any violation of his rights through any "deliberate conduct."  Plaintiff also has not made any factual allegations that the city had any policy or custom that caused his injury.  Therefore, any § 1983 claim Plaintiff has brought against the city, the commission, or any of the named city officials acting in their official capacities, has not been adequately pleaded and cannot survive a motion under Rule 12(b)(6).  The Court therefore **grants** Defendants' Motion to Dismiss [8] with respect to any § 1983 claim brought against the City of Moss Point, the Moss Point Civil Service Commission, and the named city officials acting in their official capacities.

### 2.     City Officials in their Individual Capacities

Defendants argue that Plaintiff has not asserted a viable § 1983 claim against the city officials in their individual capacities because he has not alleged sufficient facts to show that he has been deprived of "any rights, privileges, or immunities secured by the Constitution and laws" within the meaning of § 1983.  Plaintiff's main contentions in his Amended Complaint [6] are that the grooming policy put in place by Parks discriminated against him based on race and religion and that his termination was the result both of his opposition to this policy and of his reporting of Parks' wrongdoings in relation to the implementation of a separate public policy program.  Plaintiff also brings suit against the individual commissioners and aldermen for failing to provide him with fair hearings.  Reading Plaintiff's complaint liberally, then, the Court finds

that Plaintiff has alleged that Defendants have violated his right to equal protection under the Fourteenth Amendment, violated his right to the free exercise of religion under the First and Fourteenth Amendments, violated his right of freedom of speech under the First and Fourteenth Amendments, and denied him due process of law under the Fourteenth Amendment. The Court addresses each of these claims in turn.

### a.     Equal Protection

"The Equal Protection Clause directs that persons similarly situated should be treated alike . . . . To state a claim under the Equal Protection Clause, a § 1983 plaintiff must allege that a state actor intentionally discriminated against the plaintiff because of membership in a protected class." *Williams v. Bramer*, 180 F.3d 699, 705 (5th Cir. 1999) (internal quotations and citations omitted). Plaintiff does not claim that his termination was based on his membership in a protected class. While he makes claims outside his complaint that the grooming policy on which he challenged Parks was racially discriminatory, Plaintiff does not argue that the termination itself was based on racial discrimination.

Even if the Court were to find that Plaintiff has properly brought a claim of racial discrimination for the grooming policy, he has not met his burden in alleging specific facts that would demonstrate a violation of the Equal Protection Clause has occurred. The policy he cites is a facially neutral policy that makes no mention of race and lists a number of examples of hairstyles that would be in violation of the policy, one of which is dreadlocks. (*See* Plaintiff's Ex. A [11-1] at p. 7.) For facially neutral laws, "[p]roof of racially discriminatory intent or purpose is required to show a violation of the Equal Protection Clause." *Veasey v. Abbot*, 796 F.3d 487, 498 (5th Cir. 2015) (quoting *Village of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 265, 97 S. Ct. 555, 50 L.Ed.2d 450 (1977)). Plaintiff's Amended Complaint [6]

6

makes no mention of race at all, let alone any allegations that Defendants had a racially discriminatory intent in putting in place the grooming policy.  As such, he cannot succeed on a § 1983 claim based on violations of the Equal Protection Clause.

### b.     Free Exercise of Religion

Plaintiff, in his response to Defendants' motion, makes vague allegations that the grooming policy put in place while he was employed as a fire captain by the City of Moss Point, inhibited his practice of religion.  Because there has been no federal action that Plaintiff alleges infringed on his practice of religion, the Religious Freedom Restoration Act of 1993 (RFRA), 42 U.S.C. § 2000bb *et seq.*, does not apply.  Neither does the Religious Land use and Institutionalized Persons Act of 2000 (RLUIPA), 42 U.S.C. § 2000cc *et seq.*, apply, since the case does not involve land use and Plaintiff is not an institutionalized person.  As such, the only free exercise rights that could have been violated by Defendants' actions come from the Free Exercise Clause of the First Amendment, as applied to the states through the Fourteenth Amendment.

Assuming *arguendo* that Plaintiff has made a claim under the Free Exercise Clause, his claim must be dismissed.  The Fifth Circuit in *Fairbanks v. Bracketville Board of Education*, analyzing a similar grooming policy put in place by the Bracketville Board of Education, held that if the grooming policy is "neutral and generally applicable . . . there is no constitutional violation of the plaintiff's First Amendment freedoms."  No. 99-50265, 2000 WL 821401, at *2 (5th Cir. May 30, 2000) (citing *Emp't Div. v. Smith*, 494 U.S. 872, 879, 110 S. Ct. 1595, 108 L.Ed.2d 876 (1990)).  There is no indication that the grooming policy Plaintiff complains about was anything but neutral and generally applicable.  Therefore, there has been no violation of Plaintiff's rights under the Free Exercise Clause.

### c. Freedom of Speech

Plaintiff asserts a First Amendment retaliation claim against Defendants under § 1983. Plaintiff claims that he was terminated because he exercised his right under the Free Speech Clause of the First Amendment to challenge Parks on the grooming policy and to report Parks for violations of a separate public policy program. The Supreme Court has articulated a two-step inquiry to determine whether a public employee's speech is protected by the First Amendment: 1) the speech was made "as a citizen on a matter of public concern" and 2) whether there was "adequate justification for treating the employee differently from any other member of the general public." *Lane v. Franks*, — U.S. —, 134 S. Ct. 2369, 2378, 189 L.Ed.2d 312 (2014) (quoting *Garcetti v. Ceballos*, 547 U.S. 410, 418, 126 S. Ct. 1951, 164 L.Ed.2d 689 (2006)). The first step in this inquiry "set out two predicates for public-employee speech to receive First Amendment protection; the speech must be made *as a citizen* and on *a matter of public concern*." *Gibson v. Kilpatrick*, 773 F.3d 661, 667 (5th Cir. 2014) (emphasis in original). The only argument Defendants advance for dismissal of this claim is that Plaintiff's speech was not on a matter of public concern.

Defendants claim that Plaintiff has not pleaded this element sufficiently because his speech was not a matter of public concern. While it is true that the grooming policy imposed on a public employee does not rise to the level of a public concern, Plaintiff also claims he was terminated because he communicated Parks' negligence in his duties to a former human resource director and the city's clerk. "It is well-established . . . that speech relating to official misconduct . . . almost always involves matters of public concern." As Plaintiff's speech related to an alleged dereliction of Parks' official duties, it would be a matter of public concern. Furthermore, because the duties Plaintiff claimed Parks did not perform pertained to the

8

immunization of first responders on medical calls, there is little doubt that the communication was on a matter of public concern. (*See* Plaintiff's Exhibit B [11-2] at p. 2.) As such, the First Amendment retaliation claim under § 1983 will not be dismissed.

### d. Due Process

Plaintiff asserts in his complaint that he was denied fair hearings on his termination by the individual commissioners and aldermen in violation of the Due Process Clause of the Fourteenth Amendment, due to the influence of Mayor Broomfield. "At a minimum, due process requires that notice and an opportunity to be heard 'be granted at a meaningful time and in a meaningful manner.'" *Gibson v. Tex. Dep't of Ins.–Div. of Workers' Comp.*, 700 F.3d 227, 239 (5th Cir. 2012) (quoting *Fuentes v. Shevin*, 407 U.S. 67, 80, 92 S. Ct. 1983, 32 L.Ed.2d 556 (1972)). Defendants argue that Plaintiff has not stated a procedural due process claim because he admits that he was afforded hearings on his termination. However, Plaintiff's claim is that the hearings were deficient because they were used as an "opportunity" to get rid of someone Defendants considered "a trouble maker" because of a pending suit against the city. (*See* Amended Complaint [6] at ¶ 17.) He further contends that this was done because of pressure from Mayor Broomfield. (*See id.* at ¶ 18.) If Plaintiff's allegations are true, he would have been denied an opportunity to be heard in a "meaningful manner." Such a denial would be in violation of the Due Process Clause of the Fourteenth Amendment. Plaintiff, then, states a valid claim under § 1983 for a violation of procedural due process and his claim will not be dismissed.

Because Plaintiff has adequately pleaded § 1983 claims for violations of his rights to free speech and due process, the Court **denies** Defendants' Motion to Dismiss [8] as it pertains to these claims.

### D. § 1985 and Title VII Claims

Plaintiff attempts to assert claims under 42 U.S.C. § 1985 and Title VII.  The relevant portion of § 1985 prohibits conspiracies to deprive any person "of equal protection of the laws, or of equal privileges and immunities under the laws."  42 U.S.C. § 1985(3).  "[A] violation under § 1985 requires 'class-based, invidiously discriminatory animus behind the conspirator's action.'"  *Moffett v. Bryant*, 751 F.3d 323, 326 (5th Cir. 2014) (quoting *Bryant v. Military Dep't*, 597 F.3d 678, 687 (5th Cir. 2010).  Title VII makes it unlawful for an employer "to discriminate against any individual . . . because of such individual's race, color, religion, sex, or national origin . . . ."  42 U.S.C. § 2000e-2(a)(1).  The Court need not decide whether Plaintiff has adequately pleaded all the elements of either of these claims, as they both suffer the same pleading deficiencies as his equal protection claim under § 1983 and therefore fail to state a claim.  *See supra* Part II.C.2.a.  The Court therefore **grants** Defendants' Motion to Dismiss [8] with respect to Plaintiff's § 1985 and Title VII claims.

### E.     Quasi-Judicial Immunity

Defendants claim that the named aldermen and commissioners cannot be held liable under Plaintiff's § 1983 claim because they are entitled to quasi-judicial immunity.  This type of immunity is an extension of absolute judicial immunity.  *Thomas v. City of Dallas*, 175 F.3d 358, 362 (5th Cir. 1999) (citing *Butz v. Economou*, 438 U.S. 478, 506-07, 98 S. Ct. 2894, 57 L.Ed.2d 895 (1978)).  Absolute judicial immunity is an affirmative defense that shifts the burden to the defendants asserting it.  *See, e.g.*, *Harper v. Merckle*, 638 F.2d 848, 860 (5th Cir. Unit B March 1981).  Quasi-judicial immunity, then, places the burden of proof on Defendants.  On a motion under Rule 12(b)(6), dismissal on the basis of an affirmative defense is only appropriate if the defense "appears on the face of the pleadings."  *Miller v. BAC Home Loans Servicing, L.P.*, 726

F.3d 717, 726 (5th Cir. 2013) (quoting *Kansa Reins. Co. v. Cong. Mortg. Corp. of Tex.*, 20 F.3d 1362, 1366 (5th Cir. 1994)).

"Absolute immunity extends to agency or board officials performing functions that are quasi-judicial in nature." *Thomas*, 175 F.3d at 362 (citing *O'Neal v. Miss. Bd. of Nursing*, 113 F.3d 62, 65 (5th Cir. 1997)).  However, "[t]o assess whether absolute immunity should be extended, [the court] must examine the character of the officer's duties and the relationship to the parties." *Id.* (citing *Mylett v. Mullican*, 992 F.2d 1347, 1352 (5th Cir. 1993)).  To make this assessment, the Court considers the following factors:

> (1) the need to assure that the individual can perform his functions without harassment or intimidation;
>
> (2) the presence of safeguards that reduce the need for private damages actions as a means of controlling unconstitutional conduct;
>
> (3) insulation from political influence;
>
> (4) the importance of precedent;
>
> (5) the adversarial nature of the process;
>
> (6) the correctability of the error on appeal.

*Id.* (citing *Cleavinger v. Saxner*, 474 U.S. 193, 202, 106 S. Ct. 496, 88 L.Ed.2d 507 (1985)). There is nothing on the face of the pleadings nor in any of the submissions of the parties to allow the Court to assess whether absolute immunity is warranted based on the quasi-judicial function of the aldermen and commissioners named in their individual capacities.  Therefore, the Court will not grant Defendants' motion on the basis of this defense.

    **F.**    **Defamation Claim**

Defendants argue that if Plaintiff intended to bring a defamation claim, he has not pleaded it sufficiently to withstand a motion to dismiss under Rule 12(b)(6).  In his response to

Defendants' motion, Plaintiff does not purport to bring a defamation claim.  (*See* Response [11] at p. 1.)  Therefore, the Court does not construe the language from Plaintiff's complaint, which states that Defendants' actions were "calculated to defame" him, as an attempt to state a defamation claim.  (*See* Amended Complaint [6] at ¶ 19.)  Since it has not been brought by Plaintiff in his complaint, the Court does not address whether this claim has been adequately pleaded.

### III.  CONCLUSION

IT IS THEREFORE ORDERED AND ADJUDGED that Defendants' Motion to Dismiss [8] is **granted in part** and **denied in part**.

It is **granted** in that all claims are dismissed with prejudice against Defendants City of Moss Point, Moss Point Civil Service Commission, and the following named individual defendants in their official capacity:  Broomfield, Byrd, Grierson, Cunningham, Redmond, Lennep, Chambers, Joe Chapman, David Chapman, Sims, and Parks.

It is further **granted** as to all claims brought under 42 U.S.C. § 1981, 42 U.S.C. § 1985, and Title VII, and they are dismissed with prejudice.

It is **denied** as to Plaintiff's claims for violations of free speech and equal protection under 42 U.S.C. § 1983, and they are still pending against the following named individual defendants in their individual capacities:  Broomfield, Byrd, Grierson, Cunningham, Redmond, Lennep, Chambers, Joe Chapman, David Chapman, Sims, and Parks.

SO ORDERED AND ADJUDGED this the 23rd day of October, 2015.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE