### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### SOUTHERN DIVISION

**RODGER L. MANN**                                                                                        **PLAINTIFF**

**v.**                                                              **CIVIL ACTION NO. 1:14-CV-237-KS-MTP**

**MAYOR BILLY BROOMFIELD,**
**ALDERMAN ROBERT H. BYRD, JR., ALDERMAN O. LINWOOD**
**GRIERSON, ALDERMAN HOUSTON CUNNINGHAM,**
**ALDERMAN CHUCK REDMOND, ALDERMAN GARY WAYNE**
**LENNEP, ALDERWOMAN SHIRLEY CHAMBERS,**
**COMMISSIONER JOE CHAPMAN, COMMISSIONER**
**DAVID CHAPMAN, COMMISSIONER JERRY SIMS, and**
**FORMER FIRE CHIEF CLARENCE PARKS**                                    **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on the Motion for Summary Judgment [38] filed by

Defendants Mayor Billy Broomfield ("Broomfield"), Alderman Robert H. Byrd, Jr. ("Byrd"),

Alderman O. Linwood Grierson ("Grierson"), Alderman Houston Cunningham ("Cunningham"),

Alderman Chuck Redmond ("Redmond"), Alderman Gary Wayne Lennep ("Lennep"), Alderwoman

Shirley Chambers ("Chambers"), Commissioner Joe Chapman ("Joe Chapman"), Commissioner

David Chapman ("David Chapman"), Commissioner Jerry Sim ("Sims"), Former Fire Chief

Clarence Parks ("Parks") (collectively "Defendants"), and the Cross Motion for Summary Judgment

[41] filed by Plaintiff Rodger L. Mann.  After considering the submissions of the parties, the record,

and the applicable law, the Court finds that Defendants' motion is well taken and should be granted.

The Court further finds that Plaintiff's motion should be denied as moot.

### I.  BACKGROUND

Pro se Plaintiff Rodger L. Mann ("Plaintiff") commenced this action on June 6, 2014, after

he was terminated from his position as fire captain by the Moss Point Fire Department, bringing

multiple claims against the Defendants.[1]  The only claim that remains pending is Plaintiff's First

Amendment retaliation claim under 42 U.S.C. § 1983, against all Defendants in their individual

capacities.  (*See* Order [20].)

Before his termination, Plaintiff complained to former Human Resources Director Nicole

Jacobs and the City's Clerk Adlean Liddel about Parks' negligence as fire chief in failing to have

firemen responding to medical calls "immunized against infectious diseases."  (*See* Amended

Complaint [6] at ¶¶ 1-2.)  On or about October 1, 2013, Plaintiff was terminated from his position

as fire captain with the Moss Point Fire Department on Parks' recommendation.  Plaintiff appealed

to the Moss Point Civil Service Commission, who upheld his termination.  Plaintiff's sole remaining

claim accuses Parks of recommending he be terminated because of his complaints about his failure

to immunize firemen responding to medical calls.

## II. DISCUSSION

### A.      Standard of Review

Federal Rule of Civil Procedure 56 provides that "[t]he court shall grant summary judgment

if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled

to judgment as a matter of law."  Fed. R. Civ. P. 56(a). "Where the burden of production at trial

ultimately rests on the nonmovant, the movant must merely demonstrate an absence of evidentiary

support in the record for the nonmovant's case." *Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808,

812 (5th Cir. 2010) (citation and internal quotation marks omitted).  The nonmovant must then

"come forward with specific facts showing that there is a genuine issue for trial." *Id.* "An issue is

material if its resolution could affect the outcome of the action." *Sierra Club, Inc. v. Sandy Creek*

---

[1]These claims were also originally brought against the City of Moss Point and the Moss Point
Civil Service Commission, who have since been dismissed from the case.

*Energy Assocs., L.P.*, 627 F.3d 134, 138 (5th Cir. 2010) (quoting *Daniels v. City of Arlington, Tex.*, 246 F.3d 500, 502 (5th Cir. 2001)).  "An issue is 'genuine' if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party." *Cuadra*, 626 F.3d at 812 (citation omitted).

The Court is not permitted to make credibility determinations or weigh the evidence. *Deville v. Marcantel*, 567 F.3d 156, 164 (5th Cir. 2009) (citing *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007)).  When deciding whether a genuine fact issue exists, "the court must view the facts and the inferences to be drawn therefrom in the light most favorable to the nonmoving party." *Sierra Club, Inc.*, 627 F.3d at 138.  However, "[c]onclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." *Oliver v. Scott*, 276 F.3d 736, 744 (5th Cir. 2002) (citation omitted).  Summary judgment is mandatory "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Brown v. Offshore Specialty Fabricators, Inc.*, 663 F.3d 759, 766 (5th Cir. 2011) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)).

## B.      Defendants' Motion for Summary Judgment [38]

Defendants argue that Plaintiff's claims under 42 U.S.C. § 1983 fails because they are entitled to qualified immunity. "The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231, 129 S. Ct. 808, 172 L.Ed.2d 565 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S. Ct. 2727, 73 L.Ed.2d 396 (1982)) (internal quotations omitted).  This doctrine, where

applicable, is a bar to suit altogether "rather than a mere defense to liability." *Id.* (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526, 105 S. Ct. 2806, 86 L.Ed.2d 411 (1985)).

There are two steps in deciding whether qualified immunity applies. *Id.* at 232. "First, a court must decide whether the facts that a plaintiff has alleged make out a violation of a constitutional right." *Id.* (citing *Saucier v. Katz*, 533 U.S. 194, 201, 121 S. Ct. 2151, 150 L.Ed.2d 272 (2001)) (internal citations omitted). If the plaintiff can establish this, then "the court must decide whether the right at issue was 'clearly established' at the time of defendant's alleged misconduct." *Id.* If both steps are satisfied, qualified immunity does not apply.

Plaintiff's only claim is that Defendants violated his constitutional right to free speech under the First Amendment by terminating him for his complaints about Parks' failure to have his firemen immunized. Defendants contend that they are entitled to qualified immunity because Plaintiff has not established a violation of his constitutional rights under the First Amendment.

"To determine whether an employee's right has been violated, we first ask a threshold question: Was the employee's speech made pursuant to the employee's duties or as a citizen on a matter of public concern?" *Cutler v. Stephen F. Austin State Univ.*, 767 F.3d 462, 469 (5th Cir. 2014). The Supreme Court has held that "when a public employee speaks not as a citizen upon matters of public concern, but instead as an employee upon matters only of personal interest, absent the most unusual circumstances, a federal court is not the appropriate forum in which to review the wisdom of the personnel decision taken by a public agency . . . ." *Connick v. Myers*, 461 U.S. 138, 147, 103 S. Ct. 1684, 75 L.Ed.2d 708 (1983). The Court's main inquiry here is to "examine[] whether the speaker's motivation was to speak primarily as a citizen or as an employee." *Harris ex rel. Harris v. Pontotoc Cnty. Sch. Dist.*, 635 F.3d 685, 692 (5th Cir. 2011) (citing *Dodds v. Childers*, 933 F.2d 271, 273 (5th Cir. 1991)). "In cases of mixed speech or motives, the speech must have

4

spoken *predominantly* as a citizen to trigger First Amendment protection." *Id.* (quoting *Dodds*, 933

F.2d at 274) (internal quotations omitted) (emphasis in original).  "Because almost anything that

occurs within a public agency *could* be of concern to the public, . . . our task is to decide whether

the speech at issue in a particular case was made *primarily* in the plaintiff's role as citizen or

*primarily* in his role as employee." *Terrell v. Univ. of Tex. Sys. Police*, 792 F.2d 1360, 1362 (5th

Cir. 1986) (citing *Connick*, 461 U.S. at 149, 103 S. Ct. at 1691) (emphasis in original).

        In his deposition, Plaintiff unequivocally testified that his primary basis for his complaints

was a personal concern for himself and the firemen that reported to him as fire captain.  (*See*

Plaintiff's Depo. [38-1] at 41:18-22.)  Plaintiff stated that, because he "had firemen and lieutenants

com[ing] to [him] expressing that [they] didn't have that protocol in," it was his " job to go further."

(*Id.* at 41:8-10.)  According to Plaintiff's own sworn testimony, then, the speech in question was

made in concern for himself and his fellow firemen and was made as a part of his job.  This would

make it speech as an employee and not as a private citizen.

        Even if this were not enough to convince the Court that the speech was made as an employee

and not as a private citizen, the manner in which Plaintiff's complaints were made also point to this

conclusion.  Plaintiff made no effort to communicate his concerns to the public and only voiced his

complaints through the internal chain-of-command.  (*See* Plaintiff's Depo. [38-1] at 41:23-42:10,

43:14-22.)  In similar circumstances, the Fifth Circuit and this Court have found speech to have been

made as an employee and not a private citizen.  *See Davis v. McKinney*, 518 F.3d 304, 313 (5th Cir.

2008) ("[W]hen a public employee raises complaints or concerns up the chain of command at his

workplace about his job duties, that speech is undertaken in the course of performing his job.");

*Terrell*, 792 F.2d at 1362-63 (holding that speech was not speaking as a citizen on a matter of public

concern when the employee had no intention of communicating it to the public); *Stark v. Univ. of*

*S. Miss.*, 8 F.Supp.3d 825, 835 (S.D. Miss. 2014) (holding that speech was not protected where the employee's complaints were made through the chain-of-command and where she made no attempt to call the public's attention to the alleged wrong).  This Court's previous decision in *Stark* is particularly instructive as, like in that case, Plaintiff here voiced his complaints only to the internal chain-of-command.  The Court held it was "implausible to conclude that the Plaintiff was attempting to 'to air h[er] complaints in a manner that would call the public's attention to the alleged wrong' by complaining to the . . . individuals and entities associated with her governmental employer." *Stark*, 8 F.Supp.3d at 835 (quoting *Ayoub v. Tex. A & M Univ.*, 927 F.2d 834, 837-38 (5th Cir. 1991)) (alterations in original).  It is equally implausible for the Court to reach any conclusion in this case other than that Plaintiff's speech was made primarily out of concern for himself and the firemen which reported to him, that he made no effort to inform the public of Parks' failure to immunize his firemen, and that Plaintiff considered his speech to be made in the course of his duties as a fire captain.

Plaintiff puts forward no evidence to refute his own testimony speaking to the motivations behind his speech.  Because it finds that there is no genuine dispute of facts as to this issue, the Court finds that Plaintiff has not met his burden in establishing that Defendants violated his First Amendment right to free speech.  Defendants are therefore entitled to qualified immunity, and the Court will **grant** their Motion for Summary Judgment [38] on this basis.  The remaining claims against Defendants will be **dismissed with prejudice**.

### C.     Plaintiff's Cross Motion for Summary Judgment [41]

Defendants argue that Plaintiff's Cross Motion for Summary Judgment [41] is untimely. The Court need not decide this issue as it has found that the Defendants are entitled to summary judgment.  As Plaintiff's only argument under his motion is that there exists a genuine dispute of

material fact, which Plaintiff incorrectly argues entitles him to summary judgment, the Court has

already overruled this argument in finding that there is no genuine dispute of material fact and that

judgment for the Defendants is appropriate.  The Court will therefore **deny as moot** Defendant's

Cross Motion for Summary Judgment [41].

### III.  CONCLUSION

IT IS THEREFORE ORDERED AND ADJUDGED that Defendant's Motion for Summary

Judgment [38] is **granted**.  Plaintiff's claims will be **dismissed with prejudice**.

IT IS FURTHER ORDERED AND ADJUDGED that Plaintiff's Cross Motion for Summary

Judgment [41] is **denied as moot**.

SO ORDERED AND ADJUDGED this the 12th day of October, 2016.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE